Per CuHam.

The objection made to the partition, that undivided moieties of a part of the land are assigned to the two sons, cannot prevail; for the statute allows the judge of probate to assign the real estate to one or more of the heirs, and upon this assignment to the sons, they became tenants in common.[1]
It is urged, that it does not appear by the report of the commissioners, or a decree of the judge, that the estate was incapable of an equal division without great prejudice to the whole. This should appear in one or the other, but the order of the judge being conditional, that if the commissioners should find the estate could not be so divided, they should report how many of the heirs it would accommodate, it might be presumed that they found it not susceptible of an equal division. If this were the only objection, we should not perhaps hold the partition to be invalid.
Another objection is, that no notice was given to the petitioners previous to issuing the warrant to the commissioners, nor previous to making the appraisement and partition, nor previous to the acceptance of their return.[2] These are *219 questions of considerable interest, and we regret to see so much looseness in the probate office here and elsewhere, in cases in which real estate is taken from one heir and assigned to another, without any thing appearing on the record to show mat due notice has been given to parties interested. In regard to Lewis Thayer and his wife, their acceptance of interest may be considered to be a waiver of their right to notice, as well from the commissioners as the judge of probate, the husband being of full age and acting for his wife. But with respect to the other daughter the case is different, she being still a minor. Some real estate, together with a sum of money, was assigned to her, and her guardian took possession of the real estate and charged himself with the rent ; but this was for his advantage, and is not evidence of the assent of the minor. The judge too merely certifies that he approves of the report of the commissioners and orders it to be recorded. We are inclined to think that in a matter of so much importance, there ought to be a decree assigning the shares respectively, and that notice should be given, as contended for on the part of the petitioners. We do not however decide these points, as many other estates which have been already settled might be affected by the decision.
But there is another objection to the partition, which is fatal. The statute requires that the money awarded to the daughters should have been paid or secured to be paid.[1] The judge merely accepts the return of the commissioners, which assigns real estate to the sons, they paying certain sums of money. It does not appear that the money has been paid or secured, and until one or the other is done, the land does not pass. Receiving interest is not sufficient.

Verdict set aside and respondents defaulted.

 See Revised Stat. c. 103, § 56, 57.

 See Revised Stat. c. 103, § 53.

 See Revised Stat. c. 103, § 57-,